# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA FLORES, Trustee for the Cytah Flores Legacy Trust,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA),<br><br>　　　　Defendant.<br>_____/ | Case No. 1:25-cv-00940-SKO<br><br>**ORDER TO SHOW CAUSE REGARDING PUPORTED PRO SE REPRESENTATION OF A TRUST IN THIS ACTION**<br><br>**30 DAY DEADLINE** |

　　On August 1, 2025, Plaintiff filed a complaint asserting claims against Missouri Higher Education Loan Authority (MOHELA) for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. (Doc. 1.) The complaint identifies the plaintiff as a "private revocable trust, The Cytah Flores Legacy Trust, organized and established under private trust contract law," and alleges that "Rebecca Flores is the acting Trustee and appears solely in her fiduciary capacity." (*Id*. ¶¶ 7–8.) Plaintiff is proceeding pro se in this action.

　　A trust must appear in federal court through a licensed attorney. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (stating that a trust must be represented by an attorney). Likewise, a trustee does not have authority to appear pro se on behalf of their trust, because a trustee is generally not the real party in interest. *C.E. Pope*, 818 F.2d at 698 (explaining that a trustee "may not claim that his status

as trustee includes the right to present arguments pro se in federal court"); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). Therefore, based on the record before the Court, to the extent the complaint asserts claims on behalf of the "The Cytah Flores Legacy Trust," neither the Trust nor its nonlawyer, Trustee Rebecca Flores, may proceed pro se in this action. *C.E. Pope*, 818 F.2d at 697 (affirming district court's order dismissing one complaint without prejudice and striking another because nonlawyer trustee had no authority to appear as attorney for the trust); *see also Simon*, 546 F.3d at 667 ("[A]bsent statutory authority stating otherwise, the general rule against permitting pro se litigants from representing others is applicable[.]").

Accordingly, it is HEREBY ORDERED that, by no later than **30 days of service of this Order,** Plaintiff shall:

1. retain an attorney and instruct the attorney to enter a notice of appearance in this action;
2. file an amended complaint that clearly alleges claims solely on Plaintiff's own behalf as an individual; or
3. otherwise show cause why this case should not be dismissed pursuant to the rule articulated in *C.E. Pope*, 818 F.2d at 697–98.

If Plaintiff fails to adequately respond to this Order within 30 days, the undersigned shall recommend to the to-be-assigned district judge that this action be dismissed without prejudice. The Court will hold the screening of the complaint (*see* Doc. 3) in abeyance pending Plaintiff's response to this Order.

IT IS SO ORDERED.

Dated:   **August 5, 2025**                         /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE