# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA),<br><br>　　　　Defendant. | Case No. 1:25-cv-00940-SKO<br><br>SCREENING ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Docs. 4, 5)<br><br>THIRTY DAY DEADLINE |

Plaintiff Rebecca Flores, proceeding pro se and *in forma pauperis*, filed the operative amended complaint against "Missouri Higher Education Loan Authority (MOHELA)" on August 11, 2025.[1] (Doc. 5.) Upon review, the Court concludes that the amended complaint fails to state any cognizable claims.[2]

Plaintiff has the following options as to how to proceed. Plaintiff may file a second amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this amended complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to

---

[1] Plaintiff filed the original pro se complaint in her capacity as "Trustee" of "The Cytah Flores Legacy Trust." (Doc. 1.) After being advised in an order to show cause that a "trustee does not have authority to appear pro se on behalf of their trust" (Doc. 4 at 1), Plaintiff amended her complaint to allege claims solely on her own behalf. Accordingly, the order to show cause (Doc. 4) is hereby DISCHARGED.

[2] Two days after filing her amended complaint, Plaintiff filed a document titled "Plaintiff's Notice and Declaration of Defendant's Lack of Standing," which asserts that Defendant "lacks standing under both constitutional and statutory requirements to appear as a proper party or to seek relief in this matter." (Doc. 6 (filed August 13, 2025).) The "Notice" does not assert any affirmative claims that are not included in Plaintiff's amended complaint, and it is not considered on screening. Plaintiff is advised, however, that it is *Plaintiff, not Defendant* who needs standing to bring this action. *See Brown v. Bank of New York Mellon Tr. Co., N.A.*, No. 8:22-CV-00939-JLS-DFM, 2023 WL 2558783, at *4 (C.D. Cal. Feb. 8, 2023). *See also generally Westbay Steel Inc. v. F. F. A.*, No. C-90-2799 TEH, 1991 WL 424982, at *2 (N.D. Cal. Apr. 11, 1991) ("The basic rule is that the ***plaintiff*** is required to allege facts sufficient to establish standing to sue.") (citations omitted) (emphasis added).

the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.     DISCUSSION

Plaintiff alleges that although she "lawfully discharged a student loan debt via IRS Form 1099-C, which was accepted by the IRS in 2023," Defendant "continued to report the debt as active and delinquent on Plaintiff's credit reports" and "mailed monthly bills and collections notices in disregard of the lawful discharge." (Doc. 5 at 3.) Plaintiff alleges causes of actions for "Declaratory Relief (28 U.S.C. § 2201)," "Fair Credit Reporting Act Violations (15 U.S.C. § 1681)," "Unlawful Collection of Discharged Debt," and "Mail Fraud and Abuse of Process." (Id.)

For the reasons discussed below, the Court finds that the amended complaint does not state any cognizable claims. Plaintiff will be provided with the legal standards that appear to apply to her claims and will be granted an opportunity to file a second amended complaint to correct the identified deficiencies.

### A.     Fair Credit Reporting Act

Plaintiff alleges a claim for "Fair Credit Reporting Act Violations (15 U.S.C. § 1681)." (Doc. 5 at 3.) In relevant part, the Ninth Circuit has described the Fair Credit Reporting Act ("FRCA") as follows:

> Congress enacted the [FCRA], 15 U.S.C. §§ 1681–1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). As an important means to this end, the Act sought to make "consumer reporting agencies [CRAs] exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to [CRAs], called "furnishers" in the statute. Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two

categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and includes the following duty:

> (3) Duty to provide notice of dispute
>
> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

§ 1681s-2(a)(3).

Section 1681s-2(b) imposes a second category of duties on furnishers of information. These obligations are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRAs promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . . ;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . . ; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . . (i) modify . . . (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

§ 1681s-2(b)(1). These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b). *See id.*; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. §§ 1681n & o; *see also Nelson*, 282 F.3d at 1059. However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. § 1681s2(c) ("Except[for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. *See* § 1681s-2(d).

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009) (footnotes omitted).

1  The only provision of the FCRA that Plaintiff mentions is "15 U.S.C. 1681," which is the "Congressional findings and statement of purpose" of the Act. (Doc. 5 at 3.) Plaintiff does not identify *which* underlying provision of the FCRA was violated. However, construing her amended complaint liberally, it appears that she may be alleging violation of § 1681s-2(b), which permits a private right of action for failing to complete certain obligations—like investigating disputed information and reporting the results of the investigation to a CRA. *Daley v. A & S Collection Assocs., Inc.*, 717 F. Supp. 2d 1150, 1154–55 (D. Or. 2010). *See also Nelson*, 282 F.3d at 1059.

To state a claim against a furnisher of information under this section, a plaintiff must plead the following four elements: (1) a credit reporting inaccuracy existed on the plaintiff's credit report; (2) the plaintiff notified a CRA that they disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)–(E). *Berrow v. Navient Sols. LLC*, 685 F. Supp. 3d 859, 865 (D. Ariz. 2023). While Plaintiff alleges that Defendant furnished false information in the form of an "active and delinquent [student loan] debt" that had been "lawfully discharged," she does not set forth any facts showing that she notified a CRA that she disputed the reporting as inaccurate, that Defendant received notice from a CRA of the dispute, or that Defendant failed to investigate the inaccuracies or further failed to comply with the requirements of the Act. Accordingly, Plaintiff has failed to state a claim under the FCRA.[3]

### B.  "Unlawful Collection of Discharged Debt"

Plaintiff does not identify which provision of law she contends Defendant violated by its alleged "unlawful collection of discharged debt," (*see* Doc. 5 at 3), and may be attempting to claim a violation of the Fair Debt Collection Practices Act ("FDCPA").

The FDCPA was created to protect consumers from unfair and deceptive debt collection

---

[3] Plaintiff has filed over 80 pages of attachments with the amended complaint (and seeks to "incorporate by reference all exhibits previously submitted to the Court" as attached to her original complaint). (*See* Doc. 5 at 3, 5–90.) At this stage of the proceedings, however, the Court looks primarily at the main pages of the complaint, and not the exhibits or the attachments. *See Van Busick*, 284 F.3d at 980. The Court need not sift through many pages of documents to find claims for a party. *See, e.g., Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001) (affirming a district court's grant of summary judgment where the opposing papers did not highlight the evidence establishing a genuine issue of material fact, finding that the district court need not search the entire record).

practices. *See* 15 U.S.C. § 1692. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a debt collector collecting a debt." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (internal quotation marks omitted). Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excepted is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F).

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see* 15 U.S.C. § 1692a(3), (6). If Plaintiff wishes to pursue this claim, she must provide the necessary facts in her second amended complaint to show how all three requirements listed above are satisfied.

**C.    "Mail Fraud and Abuse of Process"**

Plaintiff's amended complaint references "Mail Fraud" without any additional factual detail. To the extent Plaintiff alleges Defendant engaged in a violation of the Mail Fraud Act, 18 U.S.C. § 1341, that Act is a criminal statute and does not create a private right of action. *Babbitt v. Dep't of Veterans Affs.*, No. 2:24-CV-2292-TLN-JDP (PS), 2024 WL 4712830, at *1 (E.D. Cal. Nov. 7, 2024). *See also Ross v. Orange Cnty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) ("[Plaintiff] ha[s] no separate private right of action for mail fraud under 18 U.S.C. § 1341.").

The basis for Plaintiff's "Abuse of Process" claim is equally unclear. A claim for abuse of process sounds in California law. *Walker v. Child Protective Servs. & Dep't of Soc. Servs.*, No. 122CV00466AWISKO, 2022 WL 1645089, at *6 (E.D. Cal. May 24, 2022) Under California law, an abuse of process claim requires misuse of a judicial process. *Estate of Tucker ex rel. Tucker v.*

*Interscope Records, Inc*., 515 F.3d 1019, 1037 (9th Cir. 2008). *See also Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006) (The essence of an abuse of process claim is "misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice.").

Plaintiff does not plead any facts to suggest Defendant initiated, much less misused, a judicial process against her, and therefore does not state a claim for abuse of process under California law.

### D. "Declaratory Relief (28 U.S.C. § 2201)"

Finally, Plaintiff's "claim" under 28 U.S.C. § 2201 is not cognizable. Title 28 U.S.C. § 2201, the federal Declaratory Judgment Act, "merely provides federal courts authorization to render declaratory judgments; it does not itself state a cause of action without some underlying legal basis." *Thieriot v. Pac. Gas & Elec. Co.,* No. 24-CV-07476-CRB, 2025 WL 1927737, at *1 (N.D. Cal. July 14, 2025). *See also Kaywanfar v. Arianpour*, No. CV 22-1142-DMG (MAAX), 2023 WL 3526191, at *5 (C.D. Cal. Mar. 3, 2023) ("To the extent Plaintiff alleges a claim for declaratory relief under 28 U.S.C. §§ 2201–02, declaratory relief is a remedy, not a separate claim.") (citing *N. Cnty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010)). Because there are no viable claims in the amended complaint, Plaintiff is not entitled to declaratory relief.

### E. Leave to Amend

The Court has screened Plaintiff's amended complaint and finds that it fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file a second amended complaint so that she can provide additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file a second amended complaint within thirty (30) days. If Plaintiff chooses to amend the complaint, the second amended complaint must allege a short and plain statement of the actions of the named defendant, which laws were violated by those actions,

and the harm suffered by Plaintiff arising from those actions. Plaintiff must do her best to cite specific provisions of the laws that she can legally enforce against the named defendant and cannot rely on general principles of law found in federal statutes. In determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits. Plaintiff is advised that although she has been given the opportunity to amend the complaint, she may not change the nature of the suit or add unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220. The second amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file a second amended complaint if she believes that additional true factual allegations would state cognizable claims. If Plaintiff files a second amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on her amended complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### III.     ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a second amended complaint; or
    b. Notify the Court in writing that she wants to stand on this amended complaint;
2. If Plaintiff chooses to file a second amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:25-cv-00940-SKO; and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **August 22, 2025**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE