# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA FLORES,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI HIGHER EDUCATION AUTHORITY, *aka MOHELA*,<br><br>Defendant. | Case No.  1:25-CV-00940-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED WITH LIMITED LEAVE TO AMEND**<br><br>(Doc. 16) |

On December 30, 2025, Defendant Missouri Higher Education Authority ("MOHELA") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff Rebecca Flores as trustee for the Cytah Flores Legacy Trust failed to state a claim as to either of her two claims as alleged in her operative complaint.  (Doc. 16 ("MTD")).  On December 31, 2025, the Court referred the motion to the undersigned for the preparation of findings and recommendations pursuant to 28 U.S.C. § 636(b).  (Doc. 20).

Plaintiff filed an opposition to the motion on January 8, 2026.  (Doc. 23).  Defendant filed a reply on January 20, 2026.  (Doc. 26).  The Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g) on January 27, 2026, and vacated the hearing.  (Doc. 28).

For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be granted, with limited leave to amend.

## I.      BACKGROUND[1]

This litigation arises from a dispute about Plaintiff's student loans.  (*See* Doc. 8 ("SAC")).  After having been granted leave to amend twice, (*see* Docs. 4, 7), Plaintiff, proceeding *pro se*, filed the operative second amended complaint ("SAC") on September 12, 2025.  On September 29, 2025, the undersigned issued an order authorizing service of the SAC on Defendant.  (Doc. 19).

In the SAC, Plaintiff alleges Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and two provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, by "fail[ing] to conduct a reasonable investigation after [Credit Reporting Agency] notification pursuant to CFPB referrals," "falsely represent[ing] the legal status of [Plaintiff's] debt," and retaliating by worsening Plaintiff's "derogatory reporting."  (SAC at 6–7).

## II.      LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006); *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003).  The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

---

[1] The following facts are drawn from Plaintiff's Second Amended Complaint, (Doc. 8), which is the operative pleading.  All well-pleaded factual allegations—as opposed to legal conclusions—are assumed to be true for purposes of MOHELA's motion to dismiss.  *See Robinson v. Salazar,* 838 F. Supp. 2d 1006, 1014–15 (E.D. Cal. 2012).

Courts may not supply essential elements not initially pleaded, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996–97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> [i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "***does not impose a probability requirement at the pleading stage***; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### III.      DISCUSSION

Defendant contends that dismissal is appropriate under Rule 12(b)(6) because Plaintiff's allegations fail to state a claim for relief. (MTD at 3). Plaintiff contends that the motion should be denied as there are material disputes of fact and the SAC "states plausible claims for relief."

3

(Doc. 23 at 1).  The undersigned agrees with Defendant.

> **A.   Count 1: FCRA (15 U.S.C. § 1681s-2(b))**

Plaintiff's first claim is based upon section 1681s-2(b) of the FCRA, alleging that Defendant (1) failed to "conduct a reasonable investigation" after notification from Equifax as a Credit Reporting Agency, and (2) retaliated against Plaintiff by "making Plaintiff's report worse rather than correcting it."  (SAC at 6).

"To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting agencies [("CRA")]."  *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2015 WL 7075622, at *3 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009)).  Among other responsibilities, the furnisher is obligated to investigate the dispute and to correct or delete inaccurate information.  *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246 (9th Cir. 2022).  The investigation must be at least "reasonable" and "noncursory."  *Id.* at 1251.  "In this respect, a furnisher's duties resemble those of a credit reporting agency, which can also be liable for failing to 'follow reasonable procedures to assure maximum possible accuracy' of information on a credit report."  *Id.* (quoting 15 U.S.C. § 1681e(b)).  "Just as in a lawsuit against a credit reporting agency, to prevail on a FCRA claim against a furnisher, a consumer must make a *prima facie* showing that the furnisher's report was inaccurate."  *Id.*  "If there is no inaccuracy, then the reasonableness of the investigation is not in play.

To establish a violation of section 1681s-2(b), Plaintiff must prove: (1) Defendant is a furnisher, (2) Plaintiff notified the CRA that she disputed Defendant's reporting as inaccurate; (3) the CRA notified Defendant of the dispute; (4) Defendant's reporting was inaccurate; and (5) Defendant failed to conduct a reasonable investigation as required by section 1681s-2(b)(1).  *Henry v. Freedom Mortg. Co.*, No. CV-19-01121-PHX-SRB, 2020 WL 8921079, at *3 (D. Ariz. April 27, 2020); *Robbins v. CitiMortgage, Inc.*, No. 16-CV-0472-LHK, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017).

Defendant contends Plaintiff has not made a *prima facie* case that their report as inaccurate. (MTD at 5–7).  The undersigned agrees.  Plaintiff's entire theory that Defendant's reporting was

4

inaccurate because she filed an IRS Form 1099-C listing her debt as "extinguished," and such filing and acceptance by the IRS unilaterally discharged her debt, (SAC at 5, 6), is foreclosed by the case law. *See Davis v. Rogue Credit Union*, No. 1:24-CV-02147-CL, 2024 WL 5246891, at *2 (D. Or. Dec. 30, 2024); *Chicago Title Co. v. United Slates Dep't of Hous. & Urb. Dev.*, No. 2:24-CV-05118-RGK-RAO, 2025 WL 1766343, at *1 (C.D. Cal. Mar. 18, 2025) ("As many courts have recognized, a 1099-C 'is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred.'" (quoting *FDIC v. Cashion*, 720 F.3d 169, 179 (4th Cir. 2013)). Because "a Form 1099-C alone is not competent evidence that a debt has been cancelled," the operative complaint is void of any allegations that could form the basis for a *prima facie* showing that Defendant's reporting was inaccurate. *Diaz v. Green Tree Servicing LLC*, No. C15-359RSL, 2016 WL 1384829, at *2 (W.D. Wash. Apr. 7, 2016).

While Plaintiff does not state that she has any other theory of inaccuracy, out of an abundance of caution, the undersigned recommends granting Plaintiff limited leave to amend one last time and only insofar as she is able to allege facts that set forth a *prima facie* showing that Defendant's reporting was "inaccurate."

**B.   Count 2: FDCPA (15 U.S.C. §§1692e, 16921)**

Plaintiff's second claim is brought under two provisions of the FDCPA for falsely representing the legal status of the debt in violation of section 1692e(2)(A) and for unfair and unconscionable practices under section 1692f. (SAC at 7). Defendant contends that this claim fails as Defendant is not a "debt collector" as defined by the FDCPA.

To state a claim under the FDCPA, a plaintiff must show: (1) they are a consumer under 15 U.S.C. § 1692a(3); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) that the defendant violated at least one provision of the FDCPA. *See Gutierrez v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009). Defendant contends that Plaintiff has failed to establish the third element. (MTD at 7–8). Plaintiff alleges that Defendant "acted as a debt collector by sending billing and delinquency notices on a discharged debt." (SAC at 7). However, this

5

allegation is insufficient to establish the third element based on the legal standard for defining a debt collector under the FDCPA.

"Significantly, the FDCPA's definition of debt collector exempts 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person.'" *De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1074 (9th Cir. 2011) (citing 15 U.S.C. § 1692a(6)(F)(iii)).  Accordingly, "student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA." *Neal v. Am. Educ. Servs.*, No. 218CV01784KJNPS, 2019 WL 1746065, at *6 (E.D. Cal. Apr. 18, 2019) (citing *Haysbert v. Navient Sols., Inc.*, No. CV 15-4144 PSG (EX), 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016)). Plaintiff has not alleged that her loan was in default when Defendant began servicing it.  Indeed, Plaintiff's own operative complaint includes attached documents that suggest the contrary[2] and Plaintiff does not address this issue raised in Defendant's motion.  Considering the allegations in the operative complaint, Defendant is not a debt collector under the FDCPA, *see* 15 U.S.C. § 1692a(6)(F)(iii); *De Dios*, 641 F.3d at 1074, and therefore the undersigned finds that Plaintiff has not stated a claim under the FDCPA.

While Plaintiff has made no representation that she can allege facts remedying this defect, out of an abundance of caution, the undersigned recommends granting Plaintiff limited leave to amend one last time only insofar as she is able to allege facts that her loan was in default when Defendant began servicing it.

### IV. CONCLUSION AND RECOMMENDATIONS

Because leave to amend "should be granted more liberally to *pro se* plaintiffs," *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005), the undersigned will recommend granting limited leave to amend ***one final time***.

---

[2] Even when viewed in the light most favorable to Plaintiff, documents attached to Plaintiff's own operative complaint and not objected to by Defendant, (*see* MTD), indicate that Defendant was servicing Plaintiff's loans prior to default.  (SAC at 37 (including a letter from MOHELA to Plaintiff that states "Default of your federal student loan is quickly approaching")); *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).").

Accordingly, the undersigned RECOMMENDS that Defendant MOHELA's motion to dismiss, (Doc. 16), be GRANTED with limited leave to amend

1.      to allege further facts that Defendant's reporting was inaccurate as to Count One, and

2.      to allege facts that Defendant obtained Plaintiff's debt when it was already in default as to Count Two.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days of service of these recommendations**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 20, 2026**          /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

7