# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

REBECCA FLORES,

Plaintiff,

v.

MISSOURI HIGHER EDUCATION AUTHORITY, aka *MOHELA*,

Defendant.

Case No.  1:25-cv-940-JLT-EGC

**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED WITH LEAVE TO AMEND**

(Doc. 34)

OBJECTIONS DUE: 21 DAYS

## I.   INTRODUCTION

On March 23, 2026, Defendant Missouri Higher Education Authority ("MOHELA" and "Defendant") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff Rebecca Flores' ("Plaintiff") Third Amended Complaint ("TAC") failed to state a claim. (Doc. 34 ("MTD")).  The Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g) on March 24, 2026, and vacated the hearing.  (Doc. 35).

Plaintiff filed an opposition to the motion on March 27, 2026. (Doc. 37).  Defendant filed a reply on April 6, 2026.  (Doc. 28).

For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be granted, with limited leave to amend.

## II.   BACKGROUND

This action arises from Defendant's alleged inaccurate reporting of Plaintiff's student loan debt. (Doc. 33).  Plaintiff filed her Complaint on August 1, 2025, and subsequently amended her

Complaint. (Doc. 5). After screening pursuant to 28 U.S.C. § 1915, the Court directed Plaintiff to file a Second Amended Complaint ("SAC"). (Doc. 9). The assigned magistrate judge found service of the SAC appropriate and ordered the SAC to be served on Defendant. (Doc. 9).

Defendant filed a Motion to Dismiss the SAC on December 30, 2025. The assigned magistrate judge issued Findings and Recommendations that the Motion to Dismiss be granted with limited leave to amend, allowing Plaintiff to "amend her complaint one final time to state a claim that would establish the Court's jurisdiction." (Doc. 29). The District Court adopted the Findings and Recommendations in full on March 9, 2026. (Doc. 32). On March 4, 2026, Plaintiff filed her Third Amended Complaint. (Doc. 33). Defendant filed a subsequent Motion to Dismiss the TAC on March 23, 2026, (Doc. 37), which was referred to the undersigned for the preparation of Findings and Recommendations (Doc. 36).

### III.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pleaded, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further,

> [i[f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.  The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.  The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "***does not impose a probability requirement at the pleading stage***; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011) (internal citations omitted).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.  To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV.    DISCUSSION

Congress enacted the Fair Credit Reporting Act ("FCRA") to counteract unfair and inaccurate reporting practices that undermine consumer confidence.  15 U.S.C. § 1681(a); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058–59 (9th Cir. 2002).  Plaintiff asserts an FCRA claim against Defendant pursuant to 15 U.S.C. § 1681s-2(b).  Prior to addressing the merits of Plaintiff's claim, however, the undersigned must first address the threshold issue of Article III standing.  Although not specifically raised by Defendant, "federal courts have a duty to raise, sua sponte, questions of standing before addressing the merits' of any claim." *Iten v. Los Angeles*, 81 F.4th 979, 984 (9th Cir. 2023)).

3

**A.    Article III Standing.**

In FCRA cases, an injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  Under this rule, to prove actual damages, Plaintiff must do more than show Defendant's failure to comply with the FCRA; Plaintiff must also show she suffered the alleged actual damages because of Defendant's violation.  *Johnson v. Wells Fargo Home Mortg., Inc.,* 558 F.Supp.2d 1114, 1123 (D. Nev. 2008); *see, e.g.*, *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017).   Additionally, Plaintiff must assert facts that demonstrate willfulness, or in the alternative, negligence.  *See* 15 U.S.C. §§ 1681n, 1681o (providing right of action and recoverable damages for willful or negligent violations, respectively).

Here, Plaintiff has failed to plausibly allege actual, concrete damages.  Plaintiff's TAC fails to plausibly allege that it was the fact of Defendant's reporting alone, or reporting of this particular account, which resulted in the negative impact on her credit or emotional distress.  Instead, Plaintiff alleges only that she has suffered generic harm and that Defendant's actions were negligent and willful.  In short, the damages allegations are conclusory and lack any detail and are therefore insufficient to establish Article III standing.  *See  Wittbecker v. Cupertino Elec., Inc.*, No. 20-CV-06217-BLF, 2021 WL 1400959, at *5 (N.D. Cal. Apr. 14, 2021 ("while procedural violations that have resulted in real harm—or even a risk of real harm—may be sufficient to meet the injury in fact requirement of Article III, Plaintiff here has alleged no such injury.").  Accordingly, because Plaintiff has not alleged any concrete harm, she lacks Article III standing to assert her FCRA claim in this Court.

However, the undersigned will recommend that Plaintiff be afforded leave to amend to add sufficient factual allegations supporting constitutional standing for the claim.

**B.    Plaintiff Fails to State a Claim under Section 1681s-2(b)(1).**

The FCRA imposes certain duties on furnishers, like Defendant, who furnish information to credit reporting agencies ("CRAs").  *See* 15 U.S.C. § 1681s-2(b).  A consumer may sue a furnisher and recover damages if the furnisher willfully or negligently violated the FCRA. 15 U.S.C. §§ 1681n, 1681o; *see Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017).

The FCRA outlines the "[r]esponsibilities of furnishers of information to [CRAs]."  15 U.S.C. § 1681s-2.  There are "two categories of responsibilities" for furnishers as outlined in section 1681s-2.  *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  The first, in section 1681s-2(a), requires furnishers to provide accurate information and imposes upon the furnisher a duty to notify a CRA if it furnishes it with information that is disputed by the consumer.  *Id.*  Plaintiff does not allege a violation of § 1681s-2(a).

The second category of responsibilities, pursuant to section 1681s-2(b), are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information.  *Id.*  Upon receipt of notice of dispute from a CRA, the furnisher is obligated to investigate the claims and to correct or delete inaccurate information.  *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *e.g.*, *Roybal v. Equifax, Transunion, Experian Rickenbacker, Medamerica, City Towing Body Shop, Inc.*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("Once a claim is deemed viable, the CRAs must contact the furnisher of the credit information which affords an opportunity to investigate and rectify erroneous reports.").

Therefore, to state a claim under the second category, Plaintiff must prove: "(1) Defendant is a 'furnisher'; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1)."  *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022) (citing *Gorman*, 584 F.3d at 1153).

For the foregoing reasons, the undersigned finds Plaintiff has failed to plausibly plead these elements and has therefore failed to state a claim.

### 1. Defendant as Furnisher

The parties do not dispute the first element that Defendant is a furnisher within the meaning of section 1681s-2(b)(1).

### 2. Plaintiff's Notification of Inaccuracy to CRA

Turning to the second element, Plaintiff alleges that she "disputed the accuracy of

Defendant's reporting with one or more consumer reporting agencies." (TAC at 2). Defendant contends that these allegations are insufficient as Plaintiff fails to allege dates for any related events, state which CRA was notified, or describe whether there was any response from a CRA. (MTD at 1–5). The undersigned agrees with Defendant.  Plaintiff alleges no facts to support the conclusory allegations in her TAC, and in her Opposition, Plaintiff does no more than reiterate the alleged inaccuracies.  (*See* Doc. 37).

While at this stage, the undersigned must take Plaintiff's allegations as true, *see Hanover Ins. Co. v. Wells Fargo Bank, N.A.*, No. CV 18-4146 TJH (KS), 2019 WL 13067065, at *2 (C.D. Cal. Mar. 11, 2019), Plaintiff's conclusory allegations are nonetheless insufficient.  In particular, Plaintiff fails to allege facts identifying when or to whom any CRA dispute was submitted, or the reasons for the dispute.  *See Harrold v. Experian Info. Solutions, Inc.*, No. 12-02987, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012) ("failure to allege with sufficient specificity when the relevant events took place and the exact nature of disputes subjects the Complaint to dismissal"). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not state a claim.  *Twombly*, 550 U.S. at 555-57 (2007).  Without more, Plaintiff has not plausibly alleged the second element.

3.    CRA's Notification of Defendant

As to the third element, Plaintiff alleges "Defendant received notice of Plaintiff's dispute(s) from one or more consumer reporting agencies."  (TAC ¶ 20). Defendant argues that Plaintiff "fails to explain whether the specific credit-reporting inaccuracies or "inconsistencies" raised in her TAC were the same issues she raised in her disputes to CRA." (MTD at 4).  The undersigned again agrees with Defendant.  It is not clear from the TAC whether the inconsistencies and inaccuracies that Plaintiff disputed with the CRAs are relating to their alleged failure to report her student loan debt as extinguished (as Plaintiff argued in her SAC) or if the dispute concerned dates of delinquency and related errors as alleged in the TAC.   To state a claim against Defendant, Plaintiff must identify which CRA reported the allegedly "incomplete or inaccurate" information in the CRA reports. *See Anderson v. Experian Info. Sols., Inc.*, No. 16-CV-03328-BLF, 2017 WL 914394, at *7 (N.D. Cal. Mar. 8, 2017).  Plaintiff has not alleged sufficient facts that a CRA

determined an inaccuracy actually existed, *see Flores v. GMAC Mortg.*, No. CV 09-01216, 2010 WL 582115, at \*5 (E.D. Cal. Feb. 11, 2010); *Harrold v. Experian Info. Solutions, Inc.*, No. 12-02987, 2012 WL 4097708, at \*4 (N.D. Cal. Sept. 17, 2012), let alone more than a conclusory allegation that Defendant received a report of any such inaccuracy from a CRA.  Without more than this conclusory allegation, Plaintiff has not plausibly alleged that Defendant's obligations under the FRCA were triggered.  *Gorman*, 584 F.3d at 1154.

    4.    Inaccuracy[1]

Turning to the fourth element, Plaintiff alleges that, despite being notified of disputes, Defendant violated the statute when it "furnished and verified delinquency timeline information materially inconsistent with Plaintiff's documented historical delinquency progression and prior reporting timelines." (TAC ¶¶ 30–32).  Defendant contends that Plaintiff's claim is nonetheless meritless because Plaintiff "has not identified any actionable inaccuracy in [Defendant]'s credit reporting." (MTD at 7).  Specifically, Defendant argues that (1) the information Plaintiff disputes the accuracy of is not in fact inaccurate, and that other courts have treated similar alleged inaccuracies as insufficient to state a claim, (*id.* at 6–7), and (2) Plaintiff fails to sufficiently allege "details on the specific credit-reporting inaccuracies or "inconsistencies" raised in her disputes to the CRAs, any dates for notices she provided to CRAs concerning her disputed inaccuracies or "inconsistencies," when she discovered [Defendant]'s alleged FCRA violation or when that violation may have occurred," (*id.* at 4).  The undersigned agrees with Defendant.

Information in a credit report is inaccurate if it is "patently incorrect" or "materially misleading."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). Information is "patently incorrect" if it is "at the very least . . . inaccurate on its face." *Calvillo v. Experian Info. Sols., Inc.*, No. 219CV00279JADBNW, 2020 WL 1433521, at \*9 (D. Nev. Mar. 23, 2020).  Information is "materially misleading" when it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890 (quoting *Gorman*, 584 F.3d at 1163).

---

[1] In her TAC, Plaintiff abandons her previous theory that her filing of IRS Form 1099-C extinguished and discharged her debt and instead alleges that Defendant's reporting information was inaccurate as to the date of delinquency and status of investigations/disputes.  (*Compare* SAC, *with* TAC).

Here, Plaintiff has not alleged sufficient facts to plausibly allege inaccuracy under either standard. Plaintiff alleges that the disputed delinquency progression began in 2018, (TAC ¶¶ 8–9, 28, 37–38), but that an Equifax report showed a delinquency date of December 2024, (TAC ¶ 16), and a TransUnion report showed a delinquency date "materially inconsistent" with the 2018 date. (TAC ¶ 24). Plaintiff further alleges internal inconsistencies across tradeline histories, (TAC ¶¶ 23–25, 41), and repeated "invalid date" validation failures, (TAC ¶¶ 11–14, 57). Even in viewing the claim in the light most favorable towards Plaintiff, simply pointing out inconsistent payment statuses, differing account numbers, or conflicting balances is not enough to state a claim within the meaning of the statute. *See Allen v. Experian Info. Sols., Inc.*, No. 2:25-CV-00404-BLW, 2025 WL 3485873, at *3 (D. Idaho Dec. 4, 2025). Although this information may seem internally inconsistent, it is not patently incorrect for purposes of the FCRA. *See, e.g.*, *Muehlenberg v. Experian Info. Sols., Inc.*, No. 17-00392-WHO, 2017 WL 3705054, at *5 (N.D. Cal. Aug. 28, 2017) (a report that "simultaneously listed a failure to pay while not reporting a balance due for a given month, without more, fails to establish an actual inaccuracy"); *Giovanni v. Bank of Am., N.A.*, No. 12-02530 LB, 2013 WL 1663335, at *7 (N.D. Cal. Apr. 17, 2013) (reporting "zero balance" with "overdue payment" and "charge off" notations fails to establish a FCRA violation); *Oki v. TransUnion LLC*, No. 25-CV-08070-HSG, 2025 WL 3719288, at *3 (N.D. Cal. Dec. 23, 2025) ("[a]n inconsistent report is not necessarily an inaccurate or misleading report."). Plaintiff fails to allege any facts to show that the information was *materially misleading*, that is, the information was misleading "in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. There must be a "bona fide dispute," meaning "a dispute that could materially alter how the reported debt is understood."). *Id.* A furnisher is not always liable for failure to report a debt as disputed. For instance, "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Id.*

     5.     <u>Failure to Conduct a Reasonable Investigation & Continued Furnishing</u>

Turning to the final element, Plaintiff alleges that Defendant "failed to conduct a reasonable

investigation and verified and/or continued to furnish delinquency timeline information that was inaccurate and/or materially misleading," (TAC at 6), in violation of 15 U.S.C. § 1681s-2(b). Defendant contends that Plaintiff's claim is nonetheless meritless because Plaintiff "has not identified any actionable inaccuracy in [Defendant]'s credit reporting nor any failure by [Defendant] to investigate any alleged inaccuracy." (MTD at 7). Plaintiff further alleges that Defendant's reporting of "inconsistencies" relating to the delinquency timeline information and progression of her loans demonstrates that Defendant failed to reasonably investigate her disputes. (TAC ¶¶ 30–32). The undersigned disagrees.

Any investigation by a furnisher under this provision must at least be "reasonable" and "non-cursory." *Gorman*, 584 F.3d at 1157. An investigation is not unreasonable simply because its conclusion is unfavorable to the consumer, "even if that conclusion turns out to be inaccurate." *Gorman*, 584 F.3d at 1161. *See O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (no FCRA claim stated where plaintiff "fails to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable."). Moreover, "even if a furnisher . . . fails to conduct a reasonable investigation . . . if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail." *Finley v. Capital One*, No. 16-CV-01392-YGR, 2017 WL 1365207, at *3 (N.D. Cal. Apr. 14, 2017) (citing *Keller v. Experian Info. Sols., Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *5 (N.D. Cal. Jan. 13, 2017)). Here, the undersigned has already found that Plaintiff has not sufficiently alleged that her credit report contained an actual inaccuracy. Additionally, the undersigned finds that Plaintiff fails to allege when any alleged investigation occurred, how it was insufficient, or unreasonable, or how the information conveyed was materially misleading to such an extent that she suffered harm as a result. Therefore, the undersigned finds that Plaintiff has not plausibly alleged facts as to the fifth element.

## C.    Leave to Amend May Not be Futile.

The question presented by a motion to dismiss is not whether a plaintiff will prevail in an action, but whether a plaintiff is entitled to offer evidence in support of their claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, (2002). The Ninth Circuit has "repeatedly held that a district

9

court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Here, the undersigned cannot say amendment would be futile. *See Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (noting that the Ninth Circuit has a policy of "extreme liberality generally in favoring amendments to pleadings."); Fed. R. Civ. P. 15(a) (providing that leave to amend should be granted "freely" when justice so requires). The undersigned finds that Plaintiff substantially complied with the Court's Order granting leave to amend her SAC and removed claims and causes of actions which were unsupported or not plead sufficiently. In light of new allegations and a new theory for liability, the undersigned cannot conclude that amendment is futile. The undersigned recommends that this be Plaintiff's final opportunity to amend her claim.

However, the undersigned recommends cautioning Plaintiff that any such limited leave would be to directly address and attempt to cure the deficiencies identified in the Court's order granting leave to amend and that any leave to amend is not an invitation for Plaintiff to add new claims or allege alternate theories of liability against Defendant. Additionally, the undersigned recommends cautioning Plaintiff that the Court will not accept conclusory allegations in an amended complaint. *See Twombly*, 550 U.S. at 555 (Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, based on the aforementioned findings, the undersigned RECOMMENDS that Defendant's motion to dismiss, (Doc. 34), be GRANTED with limited leave to amend as described in detail above as to Plaintiff's sole remaining cause of action.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days of service of these recommendations**, any party may file written objections to these Findings and Recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The district judge will review the Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 4, 2026**__                    _____
                                              UNITED STATES MAGISTRATE JUDGE