**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

REBECCA FLORES,

Plaintiff,

v.

MISSOURI HIGHER EDUCATION AUTHORITY,

Defendant.

Case No. 1:25-cv-00940-JLT-EGC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND, AND DIRECTING PLAINTIFF TO FILE A FOURTH AMENDED COMPLAINT WITHIN 30 DAYS

(Docs. 34, 41)

Rebecca Flores, proceeding pro se, seeks to hold the "Missouri Higher Education Loan Authority liable for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). (*See* Doc. 33 at 5.) Defendant moves to dismiss the Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff "fails to state a claim upon which relief can be granted." (Doc. 34 at 2.) The Court referred the motion to the assigned magistrate judge. (Doc. 36.)

The magistrate judge reviewed the allegations in the TAC and found Plaintiff failed to allege information regarding her disputes regarding the accuracy of Defendant's reporting with consumer reporting agencies, including when the disputes were made, to which credit reporting agencies, and whether there was any response. (Doc. 41 at 5-6.) The magistrate judge also found Plaintiff did "not allege[] sufficient facts to plausibly allege [an] inaccuracy." (*Id.* at 8; *see also*

*id.* at 9.) Therefore, the magistrate judge found Plaintiff failed to state a claim under Section 1681s-(b)(1). However, the magistrate judge observed that the TAC included "new allegations and a new theory for liability," and it was not clear that leave to amend was futile. (*Id.* at 10.) The magistrate judge recommended that Plaintiff be granted a final opportunity to state a cognizable claim, and leave be limited "to directly address and attempt to cure the deficiencies" related to her claim. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due in 21 days. (Doc. 41 at 10.) The Court advised Plaintiff that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 11, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Defendant filed objections, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 5, 2026 (Doc. 41) are **ADOPTED**.
2. Defendant's motion to dismiss (Doc. 34) is **GRANTED**.
3. Plaintiff's Third Amended Complaint is **DISMISSED** with limited leave to amend.
4. Plaintiff **SHALL** file any Fourth Amended Complaint within 30 days of the date of service of this order. **The Fourth Amended Complaint shall not include any new claims or legal theories of liability.**
5. Plaintiff is advised that failure to timely file a Fourth Amended Complaint will result in dismissal of this action without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: July 14, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE